Gilbert SMITH, Petitioner,

v.

Rae LIPPMANN, Respondent.

No. D–1772.

Supreme Court of Texas.

Feb. 19, 1992.

Rehearing Overruled April 22, 1992.

Richard G. Baker, Liberty, for petitioner.

Elwood Cluck, San Antonio, for respondent.

PER CURIAM.

This case involves an appeal from a default judgment granted in a trespass to try title lawsuit. We hold that the petitioner sufficiently answered the respondent's service of citation and therefore deserved notice of any subsequent proceedings, including the default judgment hearing. Thus, we reverse the judgment of the court of appeals and remand this cause for a trial on the merits.

On March 31, 1989, Rae Lippmann sued Gilbert Smith in a trespass to try title action regarding 28 acres in Liberty County. Mr. Smith received service of citation on April 20, 1989. On April 26, he mailed a letter to the district clerk stating that he had received the citation. The clerk received and filed the letter on April 28. Mr. Smith's letter read as follows:

> This correspondence certifies that I (Gilbert Smith) have received and signed for the citation for case number 43,846, Rae Lippmann v. Gilbert Smith, issued by the Honorable District Court 75th Judicial District of Libert (sic) County, Texas at the Court House of said County in Liberty, Texas on the 31st day of March of 1989.

Mr. Smith signed the letter and noted his current mailing address immediately below his signature.

On February 13, 1990, Mrs. Lippmann filed a motion for default judgment. Without notice to Mr. Smith, the trial court heard the motion on June 11, 1990, and granted Mrs. Lippmann a default judgment, awarding her title and possession of the land plus damages. The trial court subsequently denied Mr. Smith's motion for new trial, ruling that he failed to appear because of conscious indifference and that he presented no meritorious defense.

**138**

■ Although Mr. Smith's letter was not in the "standard form" of an answer, it nevertheless gave the court a timely response acknowledging receipt and acceptance of Mrs. Lippmann's citation and petition. *See Santex Roofing Sheet Metal, Inc. v. Venture Steel, Inc.,* 737 S.W.2d 55, 56–57 (Tex.App.—San Antonio 1987, no writ) ("Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record"). We conclude that a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case. *Accord Terehkov v. Cruz,* 648 S.W.2d 441, 442 (Tex.App.—San Antonio 1983, no writ) (signed letters to clerk timely acknowledging receipt of citation sufficed as "pro se answer" to prevent default judgment). Since Mr. Smith timely filed a written answer, he was entitled to at least ten days notice of the default judgment hearing. *See* TEX.R.CIV.P. 245.[1]

■ Pursuant to Texas Rule of Appellate Procedure 170, we grant petitioner's application for writ of error and without hearing oral argument, a majority of the court reverses the court of appeals' judgment and remands this cause to the trial court for further proceedings consistent with this opinion.

---

1. Rule 245 was amended in 1991 and now requires at least a 45 day notice to the parties before trial.