NUMBER 13-07-00646-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HOME GROWN DESIGN, INC., Appellant,


v.


SOUTH TEXAS MILLING, INC., Appellee.

 


On appeal from the 267th District Court of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 Appellant, Home Grown Design, Inc. ("Home Grown"), appeals a no-answer default
judgment entered in favor of appellee, South Texas Milling, Inc. ("South Texas"). By one
issue, Home Grown contends that the trial court erred in entering the no-answer default
judgment because it had timely filed an answer to South Texas's underlying lawsuit. We
reverse the judgment of the trial court, vacate the default judgment, and remand for further
proceedings consistent with this opinion. 

I. Factual and Procedural Background 


 Home Grown and South Texas are Texas corporations with their principal places
of business in Converse, Texas and Inez, Texas, respectively. Home Grown's president
and agent for service of process is Sally Drew. Previously, Home Grown and South Texas
had entered into a contractual relationship whereby South Texas agreed to provide milling
services to Home Grown. On January 24, 2007, South Texas sent a letter to Home Grown
attempting to collect $16,709.92 allegedly owed by Home Grown for goods and services
provided. After failing to resolve the alleged debt with Home Grown, South Texas filed suit
on March 3, 2007. On April 10, 2007, Drew was served with citation and given notice of
the suit filed by South Texas.

 Drew, who is not an attorney, timely filed an answer on behalf of Home Grown on
May 7, 2007. In her answer, Drew noted that Home Grown was protesting the claim by
South Texas, that Home Grown was in the process of hiring an attorney, and provided the
court with Home Grown's contact information.

 On May 30, 2007, South Texas moved the trial court to enter a default judgment
in its favor. On the same day, the trial court entered a default judgment in favor of South
Texas for $16,709.92, plus prejudgment interest in the amount of $779.87 and $600.00
in attorney's fees. 

 On June 4, 2007, Home Grown was sent notice of the trial court's default judgment. 
Home Grown, now represented by counsel, filed its first amended original answer on July
10, 2007, as well as a motion for new trial contending that the trial court had improperly
entered its default judgment. Attached to Home Grown's motion was an affidavit from
Drew stating that Home Grown had not received notice of either the default judgment
hearing or South Texas's motion for entry of the no-answer default judgment. However,
Home Grown's motion was not timely filed, as more than thirty days had elapsed since the
trial court had entered the no-answer default judgment. See Tex. R. Civ. P. 329b(a). 

 The record does not reflect that the trial court ruled on Home Grown's motion for
new trial; therefore it was overruled by operation of law. See Tex. R. Civ. P. 329b(c). On
October 17, 2007, Home Grown timely filed its notice of restricted appeal. See Tex. R.
App. P. 26.1(c), 30. 

II. Applicable Law A default judgment cannot withstand a direct attack by a defendant who shows that
it was not served in strict compliance with the Texas Rules of Civil Procedure. Wilson v.
Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Barker CATV Constr., Inc. v. Ampro, Inc., 989
S.W.2d 789, 792 (Tex. App.-Houston [1st Dist.] 1999, no pet.). The record must reflect
strict compliance with the rules of civil procedure with respect to the issuance of citation,
the manner and mode of service, and the return of process. See Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994). If strict compliance is not affirmatively shown,
the service of process is invalid and has no effect. Uvalde Country Club v. Martin Linen
Supply, 690 S.W.2d 884, 885 (Tex. 1985). In contrast to the usual rule that all
presumptions will be made in support of a judgment, there are no presumptions of valid
issuance, service, and return of citation when examining a default judgment. McGraw-Hill,
Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.-Houston [1st Dist.] 1992, writ denied). 
Jurisdiction over the defendant must affirmatively appear by a showing of due service of
citation, independent of the recitals in the default judgment. Mass. Newton Buying Corp. 
v. Huber, 788 S.W.2d 100, 102 (Tex. App.-Houston [14th Dist.] 1990, no writ).

III. Analysis

 By its sole issue, Home Grown asserts that the trial court committed reversible error

by entering the no-answer default judgment when Drew had, in fact, already filed an
answer on behalf of Home Grown. Conversely, South Texas argues that only a licensed
attorney can represent a corporation. South Texas also contends that Drew's answer was
not merely a ministerial act; therefore, it was defective and should be considered a nullity. 
Finally, South Texas asserts that because Home Grown's motion for new trial was
untimely, it should not be able to bring a restricted appeal after allegedly slumbering on its
rights.


a. Home Grown's Restricted Appeal

 As a preliminary matter, we address the propriety of Home Grown's restricted
appeal. Rule 30 of the Texas Rules of Appellate Procedure governs restricted appeals and
requires that: 

 [a] party who did not participate--either in person or through counsel--in the
hearing that resulted in the judgment complained of and who did not timely
file a postjudgment motion or request for findings of fact and conclusions of
law, or a notice of appeal within the time permitted by Rule 26.1(a),[ (1)] may
file a notice of [restricted] appeal within the time permitted by Rule 26.1(c).[ (2)]


Tex. R. App. P. 30. In this case, the record demonstrates that Home Grown did not
participate in the hearing that resulted in the trial court's entry of the no-answer default
judgment. Moreover, Home Grown did not timely file its motion for new trial within thirty
days after the May 30, 2007 no-answer default judgment; the record does not contain any
requests for findings of fact or conclusions of law; and Home Grown did not file its notice
of appeal within thirty days after the no-answer default judgment was signed. Additionally,
Home Grown's notice of restricted appeal was filed on October 17, 2007, which was within
the six-month time frame prescribed by rule 26.1(c). See Tex. R. App. P. 26.1(c). We
therefore conclude that Home Grown satisfied the requirements for a restricted appeal. (3) 
See Tex. R. App. P. 30. 

b. Answers Filed by Non-Lawyers and Notice of a Default Judgment Hearing

 The Texas Supreme Court has held that only a licensed attorney can appear and
represent a corporation in litigation; however, a non-lawyer is not prohibited from
performing purely ministerial tasks. See Kunstoplast of Am. v. Formosa Plastics Corp.,
USA, 937 S.W.2d 455, 456 (Tex. 1996). Filing an answer does not qualify as a purely
ministerial task. See KSNG Architects, Inc. v. Beasley, 109 S.W.3d 894, 897 n.2 (Tex.
App.-Dallas 2003, no pet). 

 Texas courts, however, have held that the filing of an answer by a non-attorney on
behalf of a corporation is deemed defective but sufficient to prevent the entry of a default
judgment. Guadalupe Econ. Servs. Corp. v. Dehoyos, 183 S.W.3d 712, 715-716 (Tex.
App.-Austin 2005, no pet.); Beasley, 109 S.W.3d at 899 n.5; R.T.A. Int'l v. Cano, 915
S.W.2d 149, 151. (Tex. App.-Corpus Christi 1996, writ denied). In fact, this Court has held
that such an answer, though defective, should not be considered a nullity. See Cano, 915
S.W.2d at 151; see also Handy Andy, Inc. v. Ruiz, 900 S.W.2d 739, 741 (Tex.
App.-Corpus Christi 1994, writ denied). 

 The Texas Supreme Court further intimated that a defendant who timely files a pro
se answer by a signed letter that identifies the parties, the case, and the defendant's
current address, has sufficiently appeared by answer and deserves notice of any
subsequent proceedings in the case. Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex.
1992) (per curiam). With respect to default judgments, a defendant who timely files a
written answer is entitled to at least ten days notice of the default judgment hearing. See
Tex. R. Civ. P. 107.

c. Discussion

 As previously mentioned, Drew, acting as president, timely filed an answer on behalf
of Home Grown on May 7, 2007. In applying relevant case law, Drew's answer is defective
given that she, a non-lawyer, cannot file an answer on behalf of Home Grown. See
Kunstoplast of Am., 937 S.W.2d at 456; see also Beasley, 109 S.W.3d at 897 n.2. 
However, her answer on behalf of Home Grown is not a nullity and is sufficient to forestall
entry of a default judgment. See Guadalupe Econ. Servs. Corp., 183 S.W.3d at 715-716;
Handy Andy, Inc., 900 S.W.2d at 741. In fact, Drew's answer provides an address for
Home Grown, her signature in her capacity as president of the corporation, sufficient
identification of the parties and issues involved in the underlying suit, and a denial of the
claims made by South Texas in the underlying suit. See Lippmann, 826 S.W.2d at 138. 
Therefore, based on Drew's answer, Home Grown would be entitled to notice of
subsequent proceedings in the case. See id. 

 The record demonstrates that Home Grown was not provided notice of either South
Texas's motion for a no-answer default judgment or the no-answer default judgment
hearing even though Drew timely filed Home Grown's answer. See Wachovia Bank of Del.
v. Gilliam, 215 S.W.3d 848, 850 (Tex. 2007) (stating that "for a default judgment to survive
restricted appeal, the face of the record must reflect that service was forwarded to the
address required by statute"); Lippmann, 826 S.W.2d at 138. 

 Given that Drew timely filed an answer to the underlying suit, we conclude that
Home Grown was entitled to notice of the no-answer default judgment motion and hearing. 
We further conclude that the trial court erred in entering the no-answer default judgment
because proper notice was not given. Accordingly, we sustain Home Grown's sole issue
on appeal.V. Conclusion

 We reverse the judgment of the trial court, vacate the default judgment, and remand
for proceedings consistent with this opinion.

 ______________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 3rd day of July, 2008. 

 


1. Rule 26.1(a) provides that, in civil cases, a party must file its notice of appeal within thirty days after
the judgment is signed. Tex. R. App. P. 26.1(a).
2. In a restricted appeal, a party must file its notice of appeal within six months after the judgment or
order is signed. Tex. R. App. P. 26.1(c).
3. We are mindful of South Texas's argument that Home Grown should not be able to "slumber on its
rights" and that Home Grown should not be able to bring a restricted appeal because it failed to timely file its
motion for new trial. However, South Texas has not directed us to nor are we aware of any authority
preventing Home Grown from bringing a restricted appeal because it had notice of the default judgment and
it failed to timely file its motion for new trial. Home Grown appears to satisfy the prerequisites for a restricted
appeal. See Tex. R. App. P. 30; see also TAC Ams., Inc. v. Boothe, 94 S.W.3d 315, 318 (Tex. App.-Austin
2002, no pet.) ("A restricted appeal is available for the limited purpose of providing a party that did not
participate at trial with the opportunity to correct an erroneous judgment."). Further, by failing to file an
ordinary appeal, Home Grown is limited to error that is apparent on the face of the record. Alexander v.
Lynda's Boutique, 134 S.W.3d 845, 848 n.5 (Tex. 2004). The face of the record, for purposes of a restricted
appeal, consists of all the papers on file in the appeal, including the statement of facts. Norman Commc'ns
v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); DSC Fin. Corp. v. Moffitt, 815 S.W.2d
551, 551 (Tex. 1991).