

# NUMBER 13-07-00646-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HOME GROWN DESIGN, INC.,                                    Appellant,

v.

SOUTH TEXAS MILLING, INC.,                                    Appellee.

On appeal from the 267th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Home Grown Design, Inc. ("Home Grown"), appeals a no-answer default judgment entered in favor of appellee, South Texas Milling, Inc. ("South Texas"). By one issue, Home Grown contends that the trial court erred in entering the no-answer default judgment because it had timely filed an answer to South Texas's underlying lawsuit. We reverse the judgment of the trial court, vacate the default judgment, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Home Grown and South Texas are Texas corporations with their principal places of business in Converse, Texas and Inez, Texas, respectively. Home Grown's president and agent for service of process is Sally Drew. Previously, Home Grown and South Texas had entered into a contractual relationship whereby South Texas agreed to provide milling services to Home Grown. On January 24, 2007, South Texas sent a letter to Home Grown attempting to collect $16,709.92 allegedly owed by Home Grown for goods and services provided. After failing to resolve the alleged debt with Home Grown, South Texas filed suit on March 3, 2007. On April 10, 2007, Drew was served with citation and given notice of the suit filed by South Texas.

Drew, who is not an attorney, timely filed an answer on behalf of Home Grown on May 7, 2007. In her answer, Drew noted that Home Grown was protesting the claim by South Texas, that Home Grown was in the process of hiring an attorney, and provided the court with Home Grown's contact information.

On May 30, 2007, South Texas moved the trial court to enter a default judgment in its favor. On the same day, the trial court entered a default judgment in favor of South Texas for $16,709.92, plus prejudgment interest in the amount of $779.87 and $600.00 in attorney's fees.

On June 4, 2007, Home Grown was sent notice of the trial court's default judgment. Home Grown, now represented by counsel, filed its first amended original answer on July 10, 2007, as well as a motion for new trial contending that the trial court had improperly entered its default judgment. Attached to Home Grown's motion was an affidavit from Drew stating that Home Grown had not received notice of either the default judgment

2

hearing or South Texas's motion for entry of the no-answer default judgment. However, Home Grown's motion was not timely filed, as more than thirty days had elapsed since the trial court had entered the no-answer default judgment. *See* TEX. R. CIV. P. 329b(a).

The record does not reflect that the trial court ruled on Home Grown's motion for new trial; therefore it was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). On October 17, 2007, Home Grown timely filed its notice of restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30.

## II. APPLICABLE LAW

A default judgment cannot withstand a direct attack by a defendant who shows that it was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.–Houston [1st Dist.] 1999, no pet.). The record must reflect strict compliance with the rules of civil procedure with respect to the issuance of citation, the manner and mode of service, and the return of process. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). If strict compliance is not affirmatively shown, the service of process is invalid and has no effect. *Uvalde Country Club v. Martin Linen Supply*, 690 S.W.2d 884, 885 (Tex. 1985). In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. App.–Houston [1st Dist.] 1992, writ denied). Jurisdiction over the defendant must affirmatively appear by a showing of due service of citation, independent of the recitals in the default judgment. *Mass. Newton Buying Corp. v. Huber*, 788 S.W.2d 100, 102 (Tex. App.–Houston [14th Dist.] 1990, no writ).

III. ANALYSIS

By its sole issue, Home Grown asserts that the trial court committed reversible error by entering the no-answer default judgment when Drew had, in fact, already filed an answer on behalf of Home Grown. Conversely, South Texas argues that only a licensed attorney can represent a corporation. South Texas also contends that Drew's answer was not merely a ministerial act; therefore, it was defective and should be considered a nullity. Finally, South Texas asserts that because Home Grown's motion for new trial was untimely, it should not be able to bring a restricted appeal after allegedly slumbering on its rights.

**a. Home Grown's Restricted Appeal**

As a preliminary matter, we address the propriety of Home Grown's restricted appeal. Rule 30 of the Texas Rules of Appellate Procedure governs restricted appeals and requires that:

> [a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a),[1] may file a notice of [restricted] appeal within the time permitted by Rule 26.1(c).[2]

TEX. R. APP. P. 30. In this case, the record demonstrates that Home Grown did not participate in the hearing that resulted in the trial court's entry of the no-answer default judgment. Moreover, Home Grown did not timely file its motion for new trial within thirty

---

[1] Rule 26.1(a) provides that, in civil cases, a party must file its notice of appeal within thirty days after the judgment is signed. TEX. R. APP. P. 26.1(a).

[2] In a restricted appeal, a party must file its notice of appeal within six months after the judgment or order is signed. TEX. R. APP. P. 26.1(c).

days after the May 30, 2007 no-answer default judgment; the record does not contain any requests for findings of fact or conclusions of law; and Home Grown did not file its notice of appeal within thirty days after the no-answer default judgment was signed. Additionally, Home Grown's notice of restricted appeal was filed on October 17, 2007, which was within the six-month time frame prescribed by rule 26.1(c). *See* TEX. R. APP. P. 26.1(c). We therefore conclude that Home Grown satisfied the requirements for a restricted appeal.[3] *See* TEX. R. APP. P. 30.

## b. Answers Filed by Non-Lawyers and Notice of a Default Judgment Hearing

The Texas Supreme Court has held that only a licensed attorney can appear and represent a corporation in litigation; however, a non-lawyer is not prohibited from performing purely ministerial tasks. *See Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996). Filing an answer does not qualify as a purely ministerial task. *See KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 897 n.2 (Tex. App.–Dallas 2003, no pet).

Texas courts, however, have held that the filing of an answer by a non-attorney on behalf of a corporation is deemed defective but sufficient to prevent the entry of a default judgment. *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715-716 (Tex.

---

[3] We are mindful of South Texas's argument that Home Grown should not be able to "slumber on its rights" and that Home Grown should not be able to bring a restricted appeal because it failed to timely file its motion for new trial. However, South Texas has not directed us to nor are we aware of any authority preventing Home Grown from bringing a restricted appeal because it had notice of the default judgment and it failed to timely file its motion for new trial. Home Grown appears to satisfy the prerequisites for a restricted appeal. *See* TEX. R. APP. P. 30; *see also TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.–Austin 2002, no pet.) ("A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment."). Further, by failing to file an ordinary appeal, Home Grown is limited to error that is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 n.5 (Tex. 2004). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991).

App.–Austin 2005, no pet.); *Beasley*, 109 S.W.3d at 899 n.5; *R.T.A. Int'l v. Cano*, 915 S.W.2d 149, 151. (Tex. App.–Corpus Christi 1996, writ denied). In fact, this Court has held that such an answer, though defective, should not be considered a nullity. *See Cano*, 915 S.W.2d at 151; *see also Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739, 741 (Tex. App.–Corpus Christi 1994, writ denied).

The Texas Supreme Court further intimated that a defendant who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case. *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam). With respect to default judgments, a defendant who timely files a written answer is entitled to at least ten days notice of the default judgment hearing. *See* TEX. R. CIV. P. 107.

**c. Discussion**

As previously mentioned, Drew, acting as president, timely filed an answer on behalf of Home Grown on May 7, 2007. In applying relevant case law, Drew's answer is defective given that she, a non-lawyer, cannot file an answer on behalf of Home Grown. *See Kunstoplast of Am.*, 937 S.W.2d at 456; *see also Beasley*, 109 S.W.3d at 897 n.2. However, her answer on behalf of Home Grown is not a nullity and is sufficient to forestall entry of a default judgment. *See Guadalupe Econ. Servs. Corp.*, 183 S.W.3d at 715-716; *Handy Andy, Inc.*, 900 S.W.2d at 741. In fact, Drew's answer provides an address for Home Grown, her signature in her capacity as president of the corporation, sufficient identification of the parties and issues involved in the underlying suit, and a denial of the

6

claims made by South Texas in the underlying suit. *See Lippmann*, 826 S.W.2d at 138. Therefore, based on Drew's answer, Home Grown would be entitled to notice of subsequent proceedings in the case. *See id.*

The record demonstrates that Home Grown was not provided notice of either South Texas's motion for a no-answer default judgment or the no-answer default judgment hearing even though Drew timely filed Home Grown's answer. *See Wachovia Bank of Del. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (stating that "for a default judgment to survive restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute"); *Lippmann*, 826 S.W.2d at 138.

Given that Drew timely filed an answer to the underlying suit, we conclude that Home Grown was entitled to notice of the no-answer default judgment motion and hearing. We further conclude that the trial court erred in entering the no-answer default judgment because proper notice was not given. Accordingly, we sustain Home Grown's sole issue on appeal.

## V. CONCLUSION

We reverse the judgment of the trial court, vacate the default judgment, and remand for proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 3rd day of July, 2008.

7