Reversed and Remanded and Memorandum
Opinion filed July 21, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00340-CV



DWANNA Charlene
GRANADE, Appellant 

v.

Gary Granade, Appellee 



On Appeal from
the 506th District Court

Grimes County, Texas

Trial Court
Cause No. 2881



 

MEMORANDUM OPINION 

A wife appeals the trial court’s rendition of a
no-answer default judgment in a divorce, claiming, among other things, that a
handwritten document she sent to the trial court constituted her answer to the
husband’s suit and that the trial court erred in rendering default judgment
when she had an answer on file.  We reverse and remand.

Factual and Procedural
Background

Gary Granade filed a petition for divorce from his
wife Dwanna Charlene Granade on November 30, 2009.  Gary sought division of the
community estate and confirmation that unspecified property constituted his
separate property.  It is undisputed that Dwanna received citation of service on
that same day.  

The record contains a facsimile copy of a handwritten
document (hereinafter “fax”) addressed to the attention of the district clerk
and bearing what appears to be Dwanna’s signature and two phone numbers.  The
fax is somewhat illegible because of a page break between the two pages and the
poor quality of the facsimile copy; however, the following can be gleaned from
the handwriting, “I Dwanna Charlene Granade the respondant [sic] in case #2881
in the 506th District Court [illegible] request an extension [illegible] of
time on filing [illegible] and response to the aforementioned case.”  This
document was filed in the court below on December 22, 2009.

Seven weeks later, on February 12, 2010, the trial
court, without further notice to Dwanna, rendered a final decree of divorce,
noting that Dwanna had been properly cited and served and had defaulted by
failing to appear.  The trial court granted Gary’s petition and ordered
dissolution of the marriage.  The trial court divided the community estate and
confirmed a list of property as separate property belonging to Gary.  No
reporter’s record was made of the proceedings.

Dwanna, through counsel, filed a motion for new
trial, seeking to set aside the default judgment and requesting a hearing on
her motion, claiming that the fax served as an answer to the suit.  The record
does not reflect that the trial court conducted a hearing or ruled on Dwanna’s
motion, which was overruled by operation of law.

In six appellate issues, Dwanna challenges the
rendition of the default judgment, the trial court’s failure to conduct a
hearing or rule on her motion for new trial, and the lack of a reporter’s
record of the February 12, 2010 hearing.  As discussed below, whether the fax
was sufficient to serve as Dwanna’s answer in the suit is dispositive of the
case.

Propriety
of Default Judgment

Dwanna asserts in her first issue that the fax
contained all of the requisites for an answer and that the trial court
improperly granted a default judgment against her because the fax was on file
before rendition of the default judgment.  A trial court may render a default
judgment only if the defendant “has not previously filed an answer.”  Tex. R. Civ. P. 239.  All pleadings
shall be construed so as to do substantial justice.  Tex. R. Civ. P. 45(d).  Pleadings will be construed liberally
in the absence of special exceptions.  Stone v. Lawyers Title Ins. Corp.,
554 S.W.2d 183, 186 (Tex. 1977).

Texas courts have shown reluctance to uphold default
judgments rendered without notice when a response from the defendant is found
in the record.  See Sells v. Drott, 259 S.W.3d 156, 159 (Tex. 2008);
Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex. 1992).  The Supreme
Court of Texas and this court have taken an expansive view of what may be
construed as an answer in a suit.  See, e.g., Sells, 259 S.W.3d
at 159 (reversing and remanding on basis that answer was facially valid despite
potentially defective signature); Lippmann, 826 S.W.2d at 138; Faunce
v. NCNB Tex. Nat’l Bank, 846 S.W.2d 876, 877 (Tex. App.—Houston [14th
Dist.] 1992, no writ) (sustaining issue that trial court erred in rendering
no-answer default judgment when record reflected that the defendant had a
timely pro se answer on file before rendition of the trial court’s judgment).

The Supreme Court of Texas has stated that a
defendant who timely files a pro se answer by a signed letter that identifies
the parties, the case, and the defendant’s current address, has appeared
sufficiently by answer and deserves notice of subsequent proceedings in the
case.  Lippmann, 826 S.W.2d at 138 (concluding that letter amounted to a
timely filed answer because it was signed by defendant, identified parties and
case, included defendant’s address, and acknowledged receipt of the citation
and petition).  The record reflects that Dwanna filed a timely answer before
rendition of the no-answer default judgment.  Though it does not identify Gary
as the opposing party or contain Dwanna’s address, the fax was sent in response
to Gary’s notice of suit.  The fax bears Dwanna’s signature, phone numbers for
contacting her, and identifies the cause number, her status as a
party-respondent in the case, and the trial court in which the suit was filed. 
Although the fax may not be in the “standard form” of an answer, Dwanna gave
the trial court a timely response to the citation notifying her of Gary’s
suit.  See Lippmann, 826 S.W.2d at 138.  Under a liberal
construction, the fax is a sufficient response to the suit and serves as
Dwanna’s answer.  See Tex. R.
Civ. P. 45(d); see also Sells, 259 S.W.3d at 159; Lippman,
826 S.W.2d at 138.  

Because the fax constitutes an answer to the suit,
the trial court erred in granting default judgment against Dwanna.  See Tex. R. Civ. P. 239; Davis v.
Jeffries, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam); Faunce, 846
S.W.2d at 877 (reversing and remanding trial court’s no-answer default judgment
because the record reflected that the defendant had timely filed a pro se
answer to the suit).  Dwanna was entitled to appropriate notice of the default
judgment hearing.  See Tex. R.
Civ. P. 245; Lippman, 826 S.W.2d at 138.  We sustain Dwanna’s
first issue.[1] 


The trial court’s
judgment is reversed, and the case is remanded for further proceedings
consistent with this opinion.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

                                                            

 









[1]
Because Dwanna’s first issue is
dispositive, we do not reach Dwanna’s five other issues.