# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00445-CV

Kelley Dougherty, Appellant

v.

Terry Dale Brewer, Appellee

FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
NO. 12-15089, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Terry Dale Brewer sued Kelley Dougherty asserting causes of action for breach of contract, conversion, and fraud arising out of Dougherty's alleged failure to repay a $50,000 loan from Brewer. Dougherty timely filed an answer with the court but did not serve Brewer with a copy of the answer. Unaware that an answer had been filed, Brewer filed a motion for default judgment, which the trial court granted. Dougherty brings this restricted appeal to set aside the default judgment. We will reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Brewer filed his original petition on March 9, 2012. Dougherty was served with citation on March 26. Acting pro se, Dougherty filed his answer on April 9 but did not serve Brewer with a copy of the answer. On April 23, Brewer filed a motion for default judgment in which he asserted that "Kelley Dougherty has failed to answer said petition or otherwise respond and is wholly

in default." The next day the trial court rendered a default judgment against Dougherty notwithstanding that Dougherty's answer was in the court's file. By that time, Dougherty had retained counsel to represent him in the proceeding, but Dougherty's counsel did not learn of the default judgment within the time to file a notice of appeal. Dougherty perfected this restricted appeal challenging the default judgment. By two issues Dougherty contends that the face of the record demonstrates that he did not have sufficient notice of the hearing on Brewer's motion for default judgment and the evidence was insufficient to support the default judgment.

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 SW.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To prevail in his restricted appeal, Dougherty must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here.

Generally, a plaintiff may take a default judgment against a defendant who fails to file an answer. *See* Tex. R. Civ. P. 239. A defendant who fails to answer or appear is not entitled to notice of a hearing on the motion for default judgment. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). A defendant who appears in the case, however,

is entitled to notice of a trial on the merits or a hearing on a motion for default judgment. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

Noting that Dougherty failed to serve him with a copy of the answer, Brewer asserts that "[u]nder Texas law, for purposes of default judgment, an unserved answer is tantamount to no answer at all." Brewer maintains, therefore, that Dougherty was not entitled to notice of the hearing on his motion for default judgment. We disagree. Dougherty's failure to serve Brewer with the answer did not render it a nullity. *See Hughes v. Habitat Apartments*, 860 S.W.2d 872, 872 (Tex. 1993) (per curiam) (defendant who failed to file answer but did file pauper's affidavit that confirmed receipt of citation, identified case and parties, and provided defendant's current address had filed adequate pro se answer and was entitled to notice of hearing on motion for default judgment); *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam) (defendant's letter filed with trial court that identified case and parties and provided defendant's address gave court timely response acknowledging receipt and acceptance of citation and petition such that defendant had sufficiently appeared by answer); *see also Weaver v. Unifund CCR Partners*, 231 S.W.3d 441, 443 n.2 (Tex. App.—Waco 2007) (Gray, J., dissenting) ("It is well established that a filed but unserved answer, even just a letter to the trial court, will serve as an answer to the petition; and notice or service to or on the plaintiff is unnecessary to prevent a default judgment."), *rev'd on other grounds*, *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796 (Tex. 2008) (per curiam); *Morganfield v. Lopez*, No. 04-04-00165-CV, 2005 WL 236675, at *1 (Tex. App.—San Antonio Feb. 2, 2005, no pet.) (mem. op.) (noting that defective answer, including one that lacks certificate of service, is sufficient to preclude default judgment and holding that plaintiff is not entitled to default judgment when some or all defendants failed to serve him with copy of their answer). This Court has previously noted that

3

"a defendant who timely files a *pro se* answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings." *Guadalupe Econ. Servs. Corp. v. DeHoyos*, 183 S.W.3d 712, 716-17 (Tex. App.—Austin 2005, no pet.) (citing *Lippmann*, 826 S.W.2d at 138). None of these cases has required that the filing be served on the plaintiff in order to constitute an answer and thereby entitle the defendant to notice of a default-judgment hearing. Here, Dougherty's answer complied with these requirements and therefore constitutes an appearance by answer. Consequently, Dougherty was entitled to notice of the hearing on Brewer's motion for default judgment.[1]

Texas Rule of Civil Procedure 245 requires that parties in a contested case be given no less than 45 days' notice of the first trial setting. Tex. R. Civ. P. 245. "A fundamental element of due process is adequate and reasonable notice of proceedings." *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1993, no writ). The failure to provide defendant the required notice of the first trial setting in a contested case deprives him of his constitutional right to be present and to voice his objections in an appropriate manner. *LBL Oil*, 777 S.W.2d at 390-91. Rule 245's notice requirement applies to a hearing on a motion for default judgment because, since the hearing can be dispositive of the case, it is effectively a trial setting.

---

[1] Brewer's reliance on *Francone v. Roytberg*, No. 05-99-00016-CV, 1999 WL 1034657 (Tex. App.—Dallas Nov. 16, 1999, pet. denied) (not designated for publication), is misplaced. In *Francone*, the defendant had filed a letter with the clerk of the court rather than an answer. The trial court rendered a default judgment reciting that "[t]he Defendants, although duly cited and notified of the trial date failed to appear and wholly defaulted." *Id.* at *1. In a restricted appeal, the court of appeals upheld the default judgment not because it concluded that the letter to the court did not constitute an answer but because the court considered the judgment to be a post-answer default judgment and found that it was not apparent from the face of the record that the defendant had not received proper notice of the trial date. *Id.*

*Id.*; *Murphree*, 937 S.W.2d at 495. When, as here, a party claims in a restricted appeal that the required notice was not given, the error must appear on the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009); *Alexander*, 134 S.W.3d at 848; *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *see also* Tex. R. App. P. 30. The face of the record in a restricted appeal consists of the documents and evidence before the trial court when it rendered its judgment. *Falcon Ridge Apartments*, 811 S.W.2d at 944.

If Dougherty did not have notice of the hearing on the motion for default judgment as required by rule 245, the default judgment should be set aside. *See Blanco v. Bolanos*, 20 S.W.3d 809, 811-12 (Tex. App.—El Paso 2000, no pet.) (default judgment held improper because defendant did not receive 45 days' notice of final trial as required by rule 245). Because we presume a trial court will hear a case only after notice has been given to the parties, Dougherty bears the burden to "affirmatively show lack of notice." *See Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.); *Blanco*, 20 S.W.3d at 811. The record affirmatively shows that Brewer filed his motion for default judgment on April 23, 2012. The default judgment was signed the next day. Therefore, the record demonstrates that, at most, Dougherty could have received one day's notice of the default-judgment hearing instead of the 45 days' notice required by rule 245. Because Dougherty did not receive the required notice, the default judgment was rendered in violation of his due-process rights. *See LBL Oil*, 777 S.W.2d at 390-91. This error is apparent on the face of the trial court's record. Consequently, we sustain Dougherty's first issue.[2]

---

[2] Because of our disposition of Dougherty's first issue, we need not address his second issue. Tex. R. App. P. 47.1.

**CONCLUSION**

Because it is apparent from the face of the record that Dougherty was not given adequate notice of the hearing on Brewer's motion for default judgment, we reverse the trial court's judgment and remand the cause for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Remanded

Filed:   December 6, 2012

6