**REVERSE and REMAND; and Opinion Filed June 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00208-CV

### TUNAD ENTERPRISES, INC., Appellant
### V.
### MARTIN PALMA D/B/A LIZ PIZZA, Appellee

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-00618-2016**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Fillmore

Martin Palma d/b/a/ Liz Pizza (Palma) sued his former landlord, Tunad Enterprises, Inc.

(Tunad), alleging Tunad neither returned a $3,500 security deposit nor provided a written

description and itemized list of the deductions it claimed to have taken from the deposit. *See* TEX.

PROP. CODE ANN. § 93.011(a) (West 2014). Apparently unaware that Olatunde R. Adio, Tunad's

president and registered agent, had filed an answer on behalf of Tunad, the trial court granted

Palma's motion for no-answer default judgment. Upon learning of the default judgment, Adio

filed a motion for new trial on behalf of Tunad, which the trial court also granted. Palma requested

that the trial court reconsider the granting of the new trial and, after hearing evidence, the trial

court ruled Tunad had failed to establish it was entitled to a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (1939),[1] and reinstated the default judgment.

In this appeal, Tunad argues the trial court erred by granting the default judgment, determining Tunad was not entitled to a new trial, denying Tunad's request for findings of fact and conclusions of law, failing to hold a hearing on Tunad's motion for reconsideration, and awarding Palma treble damages. We conclude the trial court erred by granting Palma's motion for default judgment without providing notice to Tunad. Accordingly, we reverse the trial court's judgment and remand this case for further proceedings.

**Background**

Palma leased space from Tunad in a commercial building and provided the $3,500 security deposit required by the lease. The lease terminated on July 31, 2015, and Palma vacated the premises sometime in August 2015. After Palma failed to receive either the return of the security deposit or an itemized accounting of amounts withheld from the security deposit, he filed this suit.

After Tunad was served, Adio called the Collin County District Clerk's office to determine if Tunad still had time to respond to the lawsuit. Following that conversation, Adio mailed a letter to the Collin County District Clerk on March 25, 2016, that contained the case number and indicated it was being filed by Adio for Tunad. The letter stated the lease with Palma ended on July 31, 2015, Palma refused to return the keys to the property, and on inspecting the property, "we" discovered Palma "unlawfully removed Fixtures attached to the Structures," causing roof damage. Attached to the letter was a September 1, 2015 "Landlord's Notice to Tenant of Damages Assessed Against Security Deposit" (Notice of Damages) prepared by Tunad and addressed to Palma with the notation "Forwarding Address Not Provided"; invoices for repairs to the property; and pictures of alleged damage to the property. The Notice of Damages described the charges

---

[1] *Craddock* provides that, following a default judgment, a defendant is entitled to a new trial if (1) it establishes its nonappearance was a result of an accident or mistake, and was not intentional or the result of conscious indifference; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will not cause undue delay or otherwise injure the plaintiff. 133 S.W.2d at 126.

against the security deposit as one month of holdover rent and the costs to repair the property due to the removal of fixtures by Palma, and stated those charges exceeded the amount of the security deposit. Adio did not serve a copy of the letter on Palma's attorney. The Collin County District Clerk's office stamped the letter as filed on March 31, 2016, and scanned it into Collin County's electronic filing system.

On April 26, 2016, Palma filed a motion for default judgment which stated Tunad's deadline to file an answer was March 28, 2016, and Tunad had not, "to [Palma's] information and belief, filed an answer or any other pleading constituting an answer." Attached to the motion for default judgment was a certificate of last known address for Tunad, Palma's affidavit stating Tunad had not returned his security deposit, and Palma's attorney's affidavit regarding the fees incurred in the case. Palma did not serve the motion for default judgment on Tunad, and the trial court's docket sheet does not reflect a hearing was held on the motion. The trial court signed a default judgment on April 28, 2016, awarding Palma judgment for $10,600, consisting of statutory damages of $100 and three times the withheld security deposit, plus $2,769.71 for attorneys' fees and costs.

After receiving notice of the default judgment from the Collin County District Clerk's office, Adio filed a motion for new trial on behalf of Tunad on May 20, 2016, stating Tunad responded to the lawsuit on March 25, 2016. Adio also set out facts relating to the damage to the property that Tunad alleged constituted a meritorious defense. Adio attached a file-stamped copy of the March 25th letter to the motion. Adio did not serve the motion for new trial on Palma's attorney. Although the docket sheet does not reflect a hearing was held on the motion for new trial, on June 10, 2016, the trial court granted Tunad's motion and set the case for trial on November 7, 2016.

On October 26, 2016, Palma filed a motion requesting the trial court reconsider the granting of the motion for new trial. Palma stated he had not received notice of the filing of the motion for

–3–

new trial, any hearing on the motion for new trial, or the order granting the new trial. Palma objected that Tunad was not properly represented in either its answer or the motion for new trial and that "improper proof" was presented to the trial court pertaining to notice to Palma and the requirements for granting a new trial. Tunad was represented by counsel at the hearing on Palma's motion for reconsideration. After hearing evidence, the trial court ruled Tunad had failed to establish it was entitled to a new trial based on the *Craddock* factors. On December 15, 2016, the trial court signed an order in which it withdrew its prior order granting Tunad's motion for new trial, denied Tunad's motion for new trial, and reinstated the default judgment *ab initio*.

On December 16, 2016, Tunad requested findings of fact and conclusions of law. Palma objected that Tunad was not entitled to findings of fact and conclusions of law following a hearing on a motion for new trial. The trial court sustained Palma's objection and did not make findings of fact and conclusions of law. Tunad filed a motion for reconsideration on January 9, 2017. Despite Tunad's requests for a hearing, Tunad's motion for reconsideration was never heard by the trial court. Tunad filed a notice of appeal on February 27, 2017.

### Jurisdiction

Palma initially contends we should dismiss this appeal because Tunad's notice of appeal was untimely. Palma specifically argues that, because a motion for new trial filed on behalf of a corporation by a non-attorney "should be given no effect," the default judgment rendered by the trial court on April 28, 2016, became final and Tunad failed to timely file a notice of appeal from the default judgment.

Generally, a corporation may be represented in litigation only by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 896 (Tex. App.—Dallas 2003, no pet.). However, that does not mean the acts of a non-attorney on behalf of a corporation are void *ab initio*. *See Kelly v. Hinson*, 387 S.W.3d 906, 912 (Tex. App.—Fort Worth 2012, pet. denied)

–4–

(concluding motion to compel arbitration, signed by non-attorney on behalf of corporation, was not void *ab initio*); *Rabb Int'l, Inc. v. SHL Thai Food Serv. LLC.*, 346 S.W.3d 208, 210 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding motion for new trial signed by non-attorney on behalf of corporation was not void). The question is whether the motion for new trial filed by Adio on May 20, 2016, was effective to extend the trial court's plenary power so that the trial court had authority to grant a new trial on June 10, 2016.

In *Rabb International*, the corporate plaintiff, Rabb, was represented by counsel throughout trial. 346 S.W.3d at 209. After the jury returned a verdict in favor of the defendant, Rabb's owner and president, who was not a licensed attorney, filed a motion for new trial challenging the sufficiency of the evidence to support the jury's findings. *Id.* Seventy days after the judgment was signed, the trial court denied the motion for new trial and Rabb, represented by counsel, filed a notice of appeal. *Id.*

The Houston Fourteenth Court of Appeals *sua sponte* considered whether the notice of appeal was timely. *Id.* at 210 & n.1. After noting the non-attorney could not assert a motion for new trial on behalf of Rabb, the appellate court considered whether the motion for new trial was void and therefore ineffective to extend the deadline to perfect appeal. *Id.* at 209–10. The court concluded that:

> [A] document filed in court by a non-attorney purportedly on behalf of a corporation is defective but not void, and may be effective for certain purposes, such as avoiding a default judgment and perfecting appeal.

*Id.* at 210. The court concluded the motion for new trial filed on behalf of the corporation was sufficient to extend the deadline to perfect appeal from thirty days after judgment to ninety days after judgment. *Id.*; *see also* TEX. R. APP. P. 26.1(a)(1) (in civil case, notice of appeal must be filed within ninety days after judgment is signed if any party timely files motion for new trial).

Adio timely filed a motion for new trial on behalf of Tunad. *See* TEX. R. CIV. P. 329b(a) (party must file motion for new trial within thirty days from date trial court signed judgment).

Even though Adio, as a non-attorney, could not represent Tunad, the motion for new trial was not void. *See Rabb Int'l, Inc.*, 346 S.W.3d at 210; *see also Kelly*, 387 S.W.3d at 912. Accordingly, the motion for new trial was effective for purposes of extending the trial court's plenary power over the case. *See e.g. Rabb Int'l, Inc.*, 346 S.W.3d at 210; *see also* TEX. R. CIV. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

Because Tunad filed a motion for new trial, the trial court had plenary power over the case on June 10, 2016. While it retained plenary power, the trial court had the authority to modify the default judgment, with or without a motion for new trial. *See* TEX. R. CIV. P. 320 (trial court has authority to set aside judgment while it retains plenary power); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding) (noting trial court has authority to grant new trial on own motion while it retains plenary power); *San Sebastian Realty Co., Inc. v. Huerta*, No. 14-14-00819-CV, 2015 WL 9311805, at *5 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, pet. denied) (mem. op.) (concluding trial court had authority to *sua sponte* modify judgment within duration of its plenary power). After the trial court granted a new trial, thereby vacating the default judgment, there was no final judgment from which Tunad could have perfected an appeal. *See Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex. 1985) ("[Texas Rule of Civil Procedure] 301 provides that there will be only one final judgment. Once the first judgment . . . was set aside, the cause stood precisely as if there had been no judgment."); *see also In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding) ("When a new trial is granted, the case stands on the trial court's docket 'the same as though no trial had been had.'" (quoting *Wilkins v Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005)).

On December 15, 2016, the trial court set aside its order granting the new trial and reinstated the default judgment, beginning the running of the appellate deadlines. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d at 231 ("Thus, if a new trial is granted and later withdrawn, the appellate deadlines run from the later order granting reinstatement rather than the earlier order."); *Garg v. Pham*, 485 S.W.3d 91, 100–01 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Tunad timely filed a request for findings of facts and conclusions of law on December 16, 2016,[2] and a motion for reconsideration on January 9, 2017,[3] extending the time for filing a notice of appeal until ninety days after the judgment was rendered. *See* TEX. R. APP. P. 26.1(a)(4) (request for findings of fact and conclusions of law extends appellate deadlines if findings and conclusions either are required by rules of civil procedure or, if not required, could properly be considered by appellate court);[4] *id.* 26.1(a)(1),(2) (motion for new trial or motion to modify judgment extends appellate deadlines); *Padilla v. LaFrance*, 907 S.W.2d 454, 458–59 (Tex. 1995) (concluding motion for reconsideration that was equivalent of motion to modify judgment extended appellate deadlines); *Lushann Energy Int'l, Inc. v. Gen. Elec. Energy Rentals, Inc.*, No. 14-04-00652-CV, 2004 WL 1899795, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, pet. denied) (per curiam) (mem. op.) ("A motion for reconsideration is the equivalent of a motion for new trial."). On February 27, 2017, Tunad timely filed a notice of appeal from the trial court's December 15, 2016 order. Accordingly, we have jurisdiction over this appeal.

---

[2] Tunad was required to request findings of fact and conclusions of law within twenty days after the December 15th order was signed. *See* TEX. R. CIV. P. 296.

[3] Tunad was required to file a motion for new trial within thirty days after the December 15th order was signed. *See* TEX. R. CIV. P. 329b(a).

[4] Although not required to do so, a trial court may make findings of fact and conclusions of law following an evidentiary hearing on a motion for new trial. *My Three Sons, Ltd. v. Midway/Parker Med. Ctr., L.P.*, No. 05-15-01068-CV, 2017 WL 2351082, at *7 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.). Accordingly, findings of fact are "appropriate" after an evidentiary hearing on a motion for new trial and may properly be considered by the appellate court. *Puri v. Mansukhani*, 973 S.W.2d 701, 707 (Tex. App.—Houston [14th Dist.] 1998, no pet); *see also Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 695, 697 (Tex. 1990) (reviewing findings of fact made by trial court following hearing on motion for new trial).

**Default Judgment**

In its first issue, Tunad asserts it timely filed an answer and, therefore, the trial court erred by rendering a default judgment without providing notice to Tunad. There are two types of default judgments: a no-answer default judgment and a post-answer default judgment. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). A no-answer default judgment is "caused by a defendant's failure to answer after service[.]" *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *see also* TEX. R. CIV. P. 239. A post-answer default judgment, however, "occurs when a defendant who has answered fails to appear for trial." *Lerma*, 288 S.W.3d at 925.

The plaintiff has different burdens in seeking a no-answer and a post-answer default judgment. In a no-answer default, "a defaulting defendant admits all facts properly pled in the plaintiff's petition" and the plaintiff is required to prove only its claim for unliquidated damages. *Lerma*, 288 S.W.3d at 930. If, however, the defendant has filed an answer, the "trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of its claim" before the trial court may render a post-answer default judgment. *Id.*

A party that has filed an answer is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the United States Constitution. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *see also In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) (If defendant has timely filed an answer, "due process rights are violated when a judgment is subsequently entered without the party receiving notice of the setting of the case."). Rule of civil procedure 245 requires that parties in a contested case be given no less than forty-five days' notice of the first trial setting. TEX. R. CIV. P. 245. The notice requirements of rule 245 are mandatory. *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.); *In re RPH Capital Partners, LP*, No. 04-16-00424-CV, 2017 WL 2561562, at *2 (Tex. App.—San Antonio June 14, 2017, orig. proceeding [mand. denied]). A trial court's failure to provide

notice pursuant to rule 245 in a contested case deprives a party of its constitutional right to be present at the hearing and to voice its objections in an appropriate manner, "resulting in a violation of fundamental due process." *In re K.M.L.*, 443 S.W.3d at 119.

Because a hearing on a motion for default judgment can be dispositive of the case, it is effectively a trial setting. *LBL Oil Co.*, 777 S.W.2d at 391; *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.). Rule 245's notice requirement, therefore, applies to a hearing on a motion for a post-answer default judgment. *Smith v. Lippman*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam). A post-answer default judgment is valid only if the defendant received notice of the default judgment hearing. *Id*; *In re Marriage of Villa*, No. 05-12-00233-CV, 2013 WL 1838620, at *2 (Tex. App.—Dallas Mar. 25, 2013, no pet.) (mem. op.) ("If the party does not have notice of the hearing during which the trial court granted a default judgment as required by rule 245, the default judgment should be set aside because it is ineffectual."); *A&A Constr. Servs., LLC v. Blevins*, No. 07-13-00251-CV, 2014 WL 1691515, at *3 (Tex. App.—Amarillo Apr. 24, 2014, no pet.) (mem. op).

Tunad argues it timely answered the lawsuit and was entitled to notice prior to the rendition of default judgment against it. An answer to a lawsuit does not necessarily have to follow a standard form. *See Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 624 (Tex. App.—Beaumont 2018, no pet.) ("Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of the letter."). A letter that is signed by the defendant providing the name of the parties, the cause number, and the defendant's current address constitutes an answer which prevents the taking of a default judgment. *Lippman*, 826 S.W.2d at 138; *Cox v. Nat'l Collegiate Student Loan Trust 2006-2*, No. 07-14-00253-CV, 2014 WL 6656977, at *1 (Tex. App.—Amarillo Nov. 24, 2014, no pet.) (mem. op.). Further, a letter containing some, but not all, of the information set out in *Lippman* may also qualify as an answer. *Rhojo Enters., LLC*, 540 S.W.3d at 624; *Beard v. Uriostegui*, 426 S.W.3d 178, 182

(Tex. App.—Houston [1st Dist.] 2012, no pet.) (concluding letter omitting defendant's current address constituted answer when return address appeared on envelope containing letter).

Adio's March 25, 2016 letter to the district clerk indicated it was filed on behalf of Tunad, was signed and dated, and contained the trial court cause number. Attached to the letter was the Notice of Damages that contained Tunad's address.[5] The letter and the attachments stated facts that could constitute a defense to Palma's claim. We conclude Adio's March 26, 2016 letter constituted an answer on behalf of Tunad. *See Lippman*, 826 S.W.2d at 138; *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 657–58 (Tex. App.—San Antonio 2002, no pet.).

Palma argues that, even if the letter constituted an answer, it was nullity because it was filed by a non-attorney on behalf of a corporation, was not properly served on Palma's attorney, and was not electronically filed as required by the Collin County Rules. However, a non-attorney's answer on behalf of a corporation is a "curable defect" and does not make the answer ineffective. *Wuxi Taihu Tractor Co., Ltd. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *8 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied). Although the answer is defective, it is sufficient to prevent the trial court from granting a no-answer default judgment against the corporate defendant. *See KSNG Architects, Inc.*, 109 S.W.3d at 897, 899 n.5; *Wuxi Taihu Tractor Co., Ltd.*, 2014 WL 6792019, at *9.

As to Palma's complaint that he was not served with the answer, an answer that lacks a certificate of service is defective. *Morganfield v. Lopez*, No. 04-04-00165-CV, 2005 WL 236675, at *1 (Tex. App.—San Antonio Feb. 2, 2005, no pet.) (mem. op.). The defendant's failure to properly serve the answer, however, does not render it a nullity. *Dougherty v. Brewer*, No. 03-12-00445-CV, 2012 WL 6097320, at *1 (Tex. App.—Austin Dec. 6, 2012, no pet.) (mem. op.).

---

[5] The Collin County District Clerk later corresponded with Tunad at the address on the notice of damages, indicating she knew Tunad's address. *See In re R.K.P.*, 417 S.W.3d 544, 550 (Tex. App.—El Paso 2013, no pet.) (concluding letter's failure to contain defendant's address did not preclude it from constituting answer because record reflected court clerk mailed orders to defendant, indicating she had notified court of her address).

–10–

Finally, we have found no authority that the failure to file an answer electronically renders it a nullity, particularly when, as in this case, the answer has been accepted and filed by the district clerk.

We conclude Tunad timely filed an answer in this case and, therefore, was entitled to forty-five days' notice before the trial court rendered default judgment. *See Lippman*, 826 S.W.2d at 138 (concluding defendant who timely files answer "deserves notice of any subsequent proceedings in the case"); *see also* TEX. R. CIV. P. 245. The record reflects Palma filed his motion for default judgment on April 26, 2016, and the trial court signed the default judgment on April 28, 2016. Accordingly, regardless of whether the trial court held a hearing on Palma's motion for default judgment, Tunad could not have received the forty-five days' notice of the hearing required by rule 245. Because Tunad did not receive the required notice of the motion for default judgment, the trial court erred by granting the default judgment. *See Lippman*, 826 S.W.2d at 138; *In re Marriage of Villa*, 2013 WL 1838620, at \*2; *Dougherty*, 2012 WL 6097320, at \*2.

We resolve Tunad's first issue in its favor. Based on our resolution of this issue, we need not consider Tunad's remaining issues. *See* TEX. R. APP. P. 47.1. We reverse the trial court's judgment and remand this case for further proceedings.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

170208F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas
# JUDGMENT

TUNAD ENTERPRISES, INC., Appellant

No. 05-17-00208-CV      V.

MARTIN PALMA D/B/A LIZ PIZZA,
Appellee

On Appeal from the 417th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 417-00618-2016.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant Tunad Enterprises, Inc. recover its costs of this appeal from appellee Martin Palma d/b/a Liz Pizza.


Judgment entered this 27th day of June, 2018.