COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


RICARDO G. RODRIGUEZ,       §

           Appellant,       §

v.       §

DAVID G. MARCUS, as RECEIVER OF       §
KF LOGISTICS, INC.,

      §

           Appellee.       §

      §

No. 08-15-00252-CV

Appeal from the

205th District Court

of El Paso County, Texas

(TC#2013-DCV2602)

## O P I N I O N

Ricardo G. Rodriguez appeals the trial court's entry of default judgment against him. In two issues, Rodriguez claims: (1) the trial court erred in denying his special appearance for lack of verification because he was entitled to amend his special appearance to cure the defect but the trial court denied him that opportunity by failing to notify him it would be considered at the July 8 hearing; and (2) the trial court erred in granting the default judgment against him because he did not receive notice of the hearing despite having filed an answer with the court. For the following reasons, we reverse and remand.

## BACKGROUND

In 2013, KF Logistics sued Ricardo G. Rodriguez's company—Desert Mountain Transportation, L.L.C.—for breach of contract. Joel Chavez and All Cargo Logistics, Inc.—

owned by Rodriguez's son, also named Ricardo—were also added as defendants. Although not attorneys themselves, Rodriguez and his son filed answers on behalf of their respective companies. At the subsequent bench trial, Rodriguez's son appeared and attempted to represent Desert Mountain Transportation and All Cargo Logistics. The trial court informed him that corporations in Texas could only be represented by an attorney, and since he was not an attorney himself, he would not be allowed to represent either company at trial. No continuances were requested, and the court granted KF Logistics a permanent injunction and $92,085.64 in damages.

Rodriguez's son, still acting *pro se*, proceeded to file numerous motions on behalf of the companies, including a motion for new trial and a motion to recuse the trial judge. The case was ultimately transferred twice, based in part on these motions, and eventually landed in the 205th District Court. Shortly after this transfer, KF Logistics filed an application for turnover after judgment and appointment of receiver. The defendants did not appear at the hearing and the trial court granted the turnover application and appointed David G. Marcus as receiver.

On February 12, 2015, Marcus filed a plea and intervention and named Rodriguez as a third-party defendant based on his belief that Rodriguez had fraudulently transferred assets to hide them from KF Logistics. He also named Desert Mountain Transportation and Deft Transport, Inc.—another of Rodriguez's son's companies—as third-party defendants. Without the aid of counsel, Rodriguez faxed two letters to the trial court on March 2, requesting the case be dismissed. His first letter claimed counsel for KF Logistics had demonstrated a conflict of interest by filing the plea in intervention on the receiver's behalf, and that counsel was also attempting to improperly reopen the case. The second letter claimed KF Logistics was not a registered business entity and therefore lacked standing. Both letters displayed Rodriguez's full name at the top and listed his

address as 459 Dini Rosi, El Paso, Texas.  The letters also identified the parties and case number. The trial judge sent out a response to all parties, acknowledging receipt of the letters and admonishing Rodriguez to not send *ex parte* communications to the court.

On June 26, KF Logistics filed a motion for default judgment, claiming that none of the defendants had appeared or filed answers since being served with citation back in February.  The trial court set a hearing on the motion for July 8.  On July 6, Rodriguez filed a special appearance—on behalf of himself and the other defendants—challenging the court's jurisdiction on the theory that KF Logistics was not a properly registered entity.

The trial court heard the motion for default judgment on July 8 as scheduled.  None of the defendants attended.  Counsel for KF Logistics brought Rodriguez's special appearance to the court's attention, claiming she had received it just prior to the hearing.  Counsel asserted that while it could serve as an appearance on behalf of Rodriguez, it could not serve that purpose for the corporate entities because Rodriguez was not an attorney.  The court acknowledged this, but after a brief review ultimately determined the special appearance was unsworn and therefore ineffective as to all parties.  The hearing proceeded, and after hearing evidence the court granted the motion for default judgment and plea and intervention and third-party petition in its entirety. Marcus, as receiver, was awarded $79,316.54 for the principal, $126,000 in punitive damages, and $22,000 in attorney's fees, plus interest of $1,260.37 and $315.35 in court costs.

Rodriguez, individually and on behalf of Desert Mountain Transportation and Deft Transport, timely filed a notice of appeal.  Marcus moved to dismiss the appeal as to Desert Mountain and Deft Transport because they were not represented by counsel.  We granted the motion to dismiss and allowed the appeal to proceed as to Rodriguez only.

3

## DISCUSSION

### Special Appearance

In his first issue, Rodriguez asserts the trial court erred in denying his special appearance. Specifically, he claims the trial court failed to provide him with notice that the special appearance would be considered at the hearing, and that he should have been granted the opportunity to cure the defect by adding a verification by amendment.

### *Standard of Review*

We review a trial court's conclusions of law *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If a trial court's conclusion of law is erroneous, but the trial court nonetheless rendered the proper judgment, reversal is not required. *Id.* Special appearances must be made by a sworn motion filed before a motion to transfer venue or any other plea, pleading, or motion. TEX.R.CIV.P. 120a(1). Strict compliance with the rule is required, and a trial court does not err in denying an unsworn appearance. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 18 (Tex.App.--Dallas 2001, pet. denied). The rule, however, does not require that an amendment to cure a defect be filed before a ruling on the special appearance, as long as the amendment is filed before the party makes a general appearance. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). A party who appears prior to filing his special appearance or amending that special appearance violates the due-order-of-pleading requirements and waives his right to challenge personal jurisdiction. TEX.R.CIV.P. 120a(1); *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004); *Adeleye v. Driscal*, 544 S.W.3d 467, 476 (Tex.App.--Houston [14th Dist.] 2018., no pet.).

### *Analysis*

4

Here, two days before the hearing on KF Logistics's motion for default judgment, Rodriguez filed a special appearance challenging the trial court's jurisdiction. The special appearance was unsworn, and when opposing counsel brought it to the attention of the trial court, the court reviewed it and held it was ineffective. In reaching that conclusion, the court stated as follows:

> The Court: Right. So for purposes of the record, it's not an effective special appearance because it's not -- and just to be clear, Rule 120a states: Notwithstanding the provisions of Rules 121, 122, and 123 a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the grounds that such party or property is not amenable to process issued by the courts of this state. Such special appearance shall be made by sworn motion filed by prior to motion to transfer venue or any other pleading or motion, et cetera.
>
> So it's not sworn. So it's ineffective and invalid. So why don't we go ahead and proceed with the hearing.

As Rodriguez correctly points out, the absence of verification can be cured by an amendment that adds a verification. But as noted above, an amendment to cure this defect must be filed *before* the party makes a general appearance. *Dawson-Austin*, 968 S.W.2d at 322. After having received citation for Marcus's plea in intervention naming him as a third-party defendant, Rodriguez faxed two letters to the trial court on March 2—more than four months before filing his special appearance—requesting the case be dismissed. If these letters constituted an answer, or at least an appearance, his special appearance was waived. TEX.R.CIV.P. 120a(1).

In *Smith v. Lippmann*, the Texas Supreme Court addressed what may qualify as a proper answer when a party is proceeding *pro se*. *Smith v. Lippmann*, 826 S.W.2d 137 (Tex. 1992). Lippmann sued Smith in a trespass to try title action regarding some land in Liberty County. *Id*., at 137. Smith received service of citation on April 20, and he mailed a letter to the district clerk

5

six days later. *Id*. The letter stated as follows:

> This correspondence certifies that I (Gilbert Smith) have received and signed for the citation for case number 43,846, Rae Lippmann v. Gilbert Smith, issued by the Honorable District Court 75th Judicial District of Libert (sic) County, Texas at the Court House of said County in Liberty, Texas on the 31st day of March of 1989.

*Id*.

Smith signed the letter and noted his current mailing address. *Id*. The following February, Lippmann filed a motion for default judgment and, without sending notice to Smith, the trial court heard the motion in June and granted the default judgment. *Id*. On review, the Texas Supreme Court acknowledged that Smith's letter was not in the standard form of an answer, but nonetheless held that as long as the letter identifies the parties, the case, and the defendant's current address, a signed *pro se* letter acknowledging receipt and acceptance of citation constitutes an appearance by answer. *Id*., at 138. The court went on to hold that because Smith's letter constituted a timely-filed written-answer, the trial court's failure to provide him with notice as required by Texas Rules of Civil Procedure 245 was reversible error. *Id*.

Turning to the present case, Rodriguez sent not one but two letters—received by the district clerk on March 2—requesting the plea in intervention and third-party petition be dismissed. Both letters were signed by Rodriguez, displayed Rodriguez's full name at the top, and listed his address as 459 Dini Rosi, El Paso, Texas. The letters also identified the parties and the case number. As in *Lippmann*, while Rodriguez's letter was not in the standard form of an answer, it nonetheless met the requirements to qualify as a *pro se* answer. *Lippmann*, 826 S.W.2d at 138. At the very least, it constituted an appearance. *See In re R.K.P.*, 417 S.W.3d 544, 551 (Tex.App.--El Paso 2013, no pet.)(holding that a signed letter from a *pro se* defendant stating she had been temporarily hospitalized and requesting a continuance—and also bearing the letterhead of the hospital and

6

other contact information—at least constituted an appearance). Because Rodriguez made a general appearance before filing his special appearance, he failed to strictly comply with Rule 120a. TEX.R.CIV.P. 120a(1). An amendment adding a verification could not have cured this defect. *Dawson-Austin*, 968 S.W.2d at 322. Accordingly, Rodriguez's first issue is overruled.

### Notice Under Rule 245

In his second issue, Rodriguez claims the trial court erred in granting a post-answer default-judgment. Specifically, Rodriguez claims that his letters of March 2 sent to the trial court constituted proper answers, and as such, he was entitled to forty-five days' notice under Rule 245 of the Texas Rules of Civil Procedure. He claims he received no notice and asserts that because the hearing was held less than two weeks after KF Logistics filed its motion for default judgment, notice could not have complied with Rule 245 even if it had been sent.

### *Analysis*

Failure to give proper notice "violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988)(quoting *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)). If improper notice is given to a party of proceedings when notice is required, any subsequent court proceedings vis-à-vis the party not given notice are void. *Lytle v. Cunnigham*, 261 S.W.3d 837, 840 (Tex.App.--Dallas 2008, no pet.); *Gutierrez v. Lone Star Nat. Bank*, 960 S.W.2d 211, 214 (Tex.App.--Corpus Christi-Edinburg 1997, pet. denied). A party that files an answer is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment. *Lippmann*, 826 S.W.2d at 138; *Custom-Crete, Inc. v. K-Bar Services, Inc.*, 82 S.W.3d 655, 659 (Tex.App.--San Antonio 2002, no pet.). In the case of a default judgment, a

7

plaintiff is entitled to ask for judgment when the citation and proof of service have been on file with the clerk of the court for ten days. TEX.R.CIV.P. 107(h). A defendant who does not receive notice of a post-answer default-judgment hearing is deprived of due process. *Pessel v. Jenkins*, 125 S.W.3d 807, 809 (Tex.App.--Texarkana 2004, no pet.)(*citing LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989)). When a party has filed an answer, the party is entitled to not less than forty-five days' notice of a trial setting under Rule 245 of the Texas Rules of Civil Procedure. TEX.R.CIV.P. 245. The forty-five days' notice provision is mandatory. *Custom-Crete, Inc.*, 82 S.W.3d at 659 (*citing Lippmann*, 826 S.W.2d at 138).

In its motion for default judgment filed on June 26, KF Logistics asserted that Rodriguez and the other defendants were served with citation and failed to appear or answer. Likewise, during the July 8 hearing, counsel for KF Logistics asserted that no answer had been given by any of the defendants to the plea and intervention. But these assertions ignored the two letters Rodriguez sent to the court, which the trial judge forwarded to all parties including counsel for KF Logistics. As we have already held, Rodriguez's letters sent on March 2 constituted a proper *pro se* answer because they met the requirements set out in *Lippmann*. *Lippmann*, 826 S.W.2d at 138. Accordingly, having provided a proper answer, Rodriguez was entitled to forty-five days' notice of the hearing set for July 8. TEX.R.CIV.P. 245; *Lippmann*, 826 S.W.2d at 138. Rodriguez contends noticed was never received.

In his brief, Marcus asserts "the record is clear" that Rodriguez was given notice of the July 8 hearing. The only evidence of notice pointed to by Marcus in support of this contention, however, is KF Logistics's motion for default judgment—which mentions the initial citation but is silent as to notice—and a document attached in an Appendix to his brief purporting to be the

8

required notice of the hearing. The appended notice is not found anywhere in the record. An appellate court cannot consider documents attached to a brief as an exhibit or in an appendix if the same documents do not appear in the record. *Hogg v. Lynch, Chappell, & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex.App.--El Paso 2015, no pet.). Accordingly, we cannot consider the purported notice attached to Marcus's brief, and he has pointed to nothing else in the record demonstrating Rodriguez received the notice he was entitled to. If a trial court fails to comply with Rule 245 in a contested case, it has deprived a party of its constitutional right to be present at the hearing and results in a violation of fundamental due process. *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex.App.--El Paso 2000, no pet.).

In answer to this problem, Marcus maintains that we do not even need to address the notice issue because Rodriguez did not raise the issue in a motion for new trial as required by Texas Rules of Civil Procedure 324(b)(1), and thus failed to preserve the issue for review. Rule 324 does indeed require that certain points be raised in a motion for new trial to preserve them for appellate review. TEX.R.CIV.P. 324. But Rule 324 is inapplicable here because raising the point in a motion for new trial is not required to preserve the issue in a nonjury trial. *Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.*, 599 S.W.2d 801, 802 (Tex. 1980). Thus, the issue returns to notice. The judgment rendered by the trial court makes no recitation regarding notice. Additionally, the hearing itself was held on July 8, less than two weeks after KF Logistics filed its motion for default judgment on June 26. This affirmatively demonstrates that less than forty-five days' notice was provided to Rodriguez—if any notice was provided at all, which the record does not show. As noted above, a party who timely files an answer is entitled to notice pursuant to Rule 245. *Lippmann,* 826 S.W.2d at 138; *In re R.K.P.*, 417 S.W.3d at 551. In a contested case, the forty-

9

five days' notice requirement is mandatory, and a trial court's failure to comply with the notice requirements is a violation of fundamental due process. *Blanco*, 20 S.W.3d at 811; *Custom-Crete, Inc.*, 82 S.W.3d at 659. The proper remedy when a party does not receive notice of the trial setting as required by Rule 245 is to set aside the default judgment because it is ineffectual. *In re R.K.P.*, 417 S.W.3d at 551; *Custom-Crete, Inc.*, 82 S.W.3d at 659. Accordingly, Rodriguez's second issue is sustained.

## CONCLUSION

Having sustained Rodriguez's second issue, we reverse the trial court's judgment and remand the cause for a new trial.

August 30, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J. (Not Participating)