# NO. 12-18-00272-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUSSELL EDWARD POSTER,* *APPELLANT* | § | *APPEAL FROM THE 321ST* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *BRITTANY HARRIS POSTER, AND IN THE INTEREST OF R.E.P. AND A.J.P., CHILDREN,* | | |
| *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Appellant, Russell Edward Poster, filed this restricted appeal from a final divorce decree on grounds that he did not receive forty-five days' notice of the final trial as required by Texas Rule of Civil Procedure 245.[1] On March 5, 2019, Edward and Appellee, Brittany Harris Poster, filed a joint motion to reverse and remand for a new trial, in which they agree that Russell did not receive the required forty-five days' notice and that this error is apparent on the face of the record. Thus, the parties request that this Court reverse the decree and remand the cause to the trial court for a new trial.

Rule 245 provides, in pertinent part, that the trial court may set a contested case on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-

---

[1] A party who did not participate, in person or through counsel, in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). TEX. R. APP. P. 30. In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. TEX. R. APP. P. 26.1(c). A party can prevail in a restricted appeal only if (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). It is undisputed that Russell satisfied the requirements for pursuing a restricted appeal.

five days to the parties of a first setting for trial, or by agreement of the parties. TEX. R. CIV. P. 245. This requirement is mandatory. ***Rodriguez v. Marcus***, 564 S.W.3d 216, 222 (Tex. App.— El Paso 2018, no pet.). A trial court's failure to comply with the notice requirements in a contested case is a violation of fundamental due process. *See* ***In re K.M.L.***, 443 S.W.3d 101, 119 (Tex. 2014).

Here, on April 10, 2018, the trial court set the final hearing for April 24, 2018.[2] The record indicates, and the parties agree, that this was the first trial setting. The trial court signed the final decree of divorce on May 1, 2018. Accordingly, the record demonstrates that Russell received only fourteen days' notice, rather than the required forty-five days' notice of the final hearing as mandated by Rule 245. *See* TEX. R. CIV. P. 245. In their joint motion, the parties stipulate that Russell was not provided the requisite notice, lack of such notice is error, and the error is apparent on the face of the record. In light of the parties' agreement and the lack of notice as required by Rule 245, as is apparent on the face of the record, we ***grant*** the parties' joint motion, ***reverse*** the trial court's final decree of divorce signed on May 1, 2018, and ***remand*** this cause to the trial court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 42.1(a)(2).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] The record also contains an order, signed April 10, setting Brittany's application for a protective order for hearing on April 24. The trial court signed a final protective order on April 24.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-18-00272-CV**

**RUSSELL EDWARD POSTER,**
Appellant
V.
**BRITTANY HARRIS POSTER, AND IN THE INTEREST OF**
**R. E. P. AND A. J. P., CHILDREN,**
Appellee

Appeal from the 321st District Court

of Smith County, Texas (Tr.Ct.No. 17-0001-D)

THIS CAUSE came on to be heard on the joint motion of the Appellant and Appellee to reverse and remand the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the joint motion to dismiss be **granted.**

It is therefore ORDERED, ADJUDGED and DECREED that the final divorce decree of the court below **be in all things reversed and remanded** for further proceedings consistent with this opinion, and that all costs of this appeal are hereby adjudged against the party incurring same**,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*