**AFFIRMED; Opinion Filed June 3, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01233-CV

### IN THE INTEREST OF X.C.J., JR., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-07173**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this suit affecting the parent–child relationship (SAPCR), appellant Father contends the trial court erred by entering a default judgment against him without notice of the hearing at which the judgment was rendered.[1] We affirm.

### I. Background

Father filed this suit in April 2017, seeking conservatorship and child support determinations as to his child with Mother. Mother filed a timely general denial answer and a July 2017 "Original Counterpetition" requesting injunctive and other relief against "Counterrespondent," Father. On August 30, 2017, both Father and Mother appeared in person at a hearing before an associate judge and signed an agreed "Associate Judge's Report," in which they provided their current addresses. Following that hearing, the associate judge signed agreed

---

[1] The appellee in this case, Mother, has not filed a brief in this Court.

temporary orders regarding conservatorship and child support. In December 2017, Father's attorney filed a motion to withdraw as counsel, which the trial court granted.

In April 2018, Mother filed a motion to enforce child support. The trial court signed an order requiring Father to "appear and show cause" at the July 2018 hearing on that motion. Father was personally served with that order but did not appear at the hearing. On July 30, 2018, the trial court signed an "Order for Capias and Setting on Bond" regarding Father, who was described in that order as "Respondent."

On August 20, 2018, the trial court heard this case. Father did not appear at trial. At the start of trial, the trial court "called the hall" for Father, with no response. After hearing Mother's testimony, the trial court stated, "Let the record reflect that the Respondent was properly noticed of the trial setting. He failed to appear. The hall was called. There was no response; therefore, he is in default." The trial court signed a September 13, 2018 "Default Order in SAPCR" appointing Father as a possessory conservator and ordering him to pay child support. On October 12, 2018, Father appealed that judgment.[2]

## II. Father's issues

There are two types of default judgments: a no-answer default judgment and a post-answer default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Tunad Enters., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *4–5 (Tex. App.—Dallas Jun. 27, 2018, no pet.) (mem. op.). A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372

---

[2] Although Father was represented by counsel at the time he filed his notice of appeal, the record is silent as to whether he was represented by counsel from December 2017 to that time. Regardless, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

S.W.3d 177, 183 (Tex. 2012); *see also* TEX. R. CIV. P. 239. A post-answer default judgment "occurs when a defendant who has answered fails to appear for trial." *Lerma*, 288 S.W.3d at 925.

An answer to a lawsuit does not necessarily have to follow a standard form. *Tunad*, 2018 WL 3134891, at *5. A letter that is signed by the defendant providing the name of the parties, the cause number, and the defendant's current address constitutes an answer which prevents the taking of a no-answer default judgment. *Id.* (citing *Smith v. Lippman*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); *Cox v. Nat'l Collegiate Student Loan Trust 2006-2*, No. 07-14-00253-CV, 2014 WL 6656977, at *1 (Tex. App.—Amarillo Nov. 24, 2014, no pet.) (mem. op.)).

Generally, parties in a contested case must be given forty-five days' notice of the first trial setting. TEX. R. CIV. P. 245. If a timely answer has been filed in a contested case or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case, even when that party previously waived notice of citation. *In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014). But the due process right to notice prior to judgment is subject to waiver. *Id*. at 119.

We review a trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *see also Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) (procedural rule interpretation is question of law reviewed de novo).

In his first issue, Father asserts the trial court's default order against him was improper because he "sufficiently entered an appearance to have constructively 'answered' the Counterpetition." Father signed the August 30, 2017 Associate Judge's Report, which contained the names of the parties, the cause number, and Father's current address. We conclude that report constituted an answer that precluded a no-answer default judgment. *See Lippman*, 826 S.W.2d at 138; *Tunad*, 2018 WL 3134891, at *5; *Cox*, 2014 WL 6656977, at *1.

In his second and third issues, Father contends the trial court erred by entering a default judgment against him because (1) he did not receive notice of the pretrial hearing at which the default judgment was rendered and (2) "a default judgment without notice violated [his] constitutional due process rights." At trial, the trial court called the hall for Father without response and stated, "Let the record reflect that the Respondent was properly noticed of the trial setting. He failed to appear." Father argues the trial court's statement "appears in conflict with itself as it references [Mother], the Respondent in the suit, but clearly uses the gendered pronoun for [Father]." We disagree.

The trial court had previously described Father as "Respondent" in this SAPCR. Moreover, the context of the trial court's full statement demonstrates the trial court was referring to Father. Father cites no evidence in the record supporting his lack-of-notice contention. To the extent Father's complaint requires extrinsic evidence, "a motion for new trial filed in the trial court is a prerequisite to complaining on appeal that a default judgment should be set aside." *In re J.D.G.*, No. 05-17-00652-CV, 2018 WL 2949160, at *1 (Tex. App.—Dallas Jun. 13, 2018, no pet.) (mem. op.) (citing *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *Bowling v. Dahlheimer*, No. 05-16-01196-CV, 2017 WL 5166998, at *5 (Tex. App.—Dallas Nov. 21, 2017, pet. denied) (mem. op.)).

Further, the due process right to proper service of trial settings may be waived if not brought to the trial court's attention. *See In re K.M.L.*, 443 S.W.3d at 119; *In re T.C.*, No. 07-15-00202-CV, 2016 WL 4060644, at *2 (Tex. App.—Amarillo Jul. 26, 2016, no pet.) (mem. op.) (citing *Caudle v. Oak Forest Apts.*, No. 02-14-00308-CV, 2015 WL 9244874 (Tex. App.—Fort Worth Dec. 17, 2015, pet. denied) (mem. op.)). In that regard, complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial. *In re T.C.*, 2016 WL 4060644, at *2. By failing to file a motion for new trial, Father waived appellate review of his

lack-of-notice due process complaint.[3] *Id.* (concluding mother's failure to file motion for new trial precluded appellate review of her due process lack-of-notice claim asserted for first time on appeal of default judgment).

### III. Conclusion

We decide Father's three issues against him and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

181233F.P05

---

[3] This case is distinguishable from two default judgment cases in which sister courts of appeals concluded motions for new trial were not required to preserve lack-of-notice complaints where inadequate notice was affirmatively demonstrated. *See Rodriguez v. Marcus*, 564 S.W.3d 216, 222 (Tex. App.—El Paso 2018, no pet.); *Kuykendall v. Beverly*, 436 S.W.3d 809 (Tex. App.—Texarkana 2014, no pet.). In *Rodriguez*, the record showed the trial was held less than two weeks after the plaintiff filed its motion for default judgment, which "affirmatively demonstrates that less than forty-five days' notice was provided to Rodriguez—if any notice was provided at all, which the record does not show." *Rodriguez*, 564 S.W.3d at 222. In *Kuykendall*, there was (1) "ample evidence in the record that Kuykendall's notice was sent to an incorrect address" and (2) "no recitation in the judgment that Kuykendall had been properly notified of the setting." *Kuykendall*, 436 S.W.3d at 814. Unlike in those cases, the record in the case before us shows (1) no evidence affirmatively demonstrating inadequate notice and (2) the trial court stated Father was properly noticed of the trial setting. *See In re J.D.G.*, 2018 WL 2949160, at *1 (lack of motion for new trial precluded appellate review of father's lack-of-notice complaint regarding default judgment, where trial court stated on record that father had been given notice and father cited no evidence in record supporting his contention).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF X.C.J., JR., A
CHILD

No. 05-18-01233-CV

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-17-07173.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 3rd day of May, 2019.