

# NUMBER 13-19-00492-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIA H. ROBLEDO,**                                                                 **Appellant,**

**v.**

**JOSE LUIS VILLARREAL**
**AND EVELYN RAMOS,**                                                              **Appellees.**

---

### On appeal from the County Court at Law No. 10
### of Bexar County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes**

This is a restricted appeal of a default judgment.[1] *See* TEX. R. APP. P. 26.1(c), 30.

By one issue, appellant Maria H. Robledo argues the trial court erred in granting appellees

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Jose Luis Villarreal and Evelyn Ramos's motion for default judgment.[2] We reverse and remand.

## I. BACKGROUND

On October 19, 2018, appellees filed their original petition alleging negligence against appellant for her involvement in a vehicle collision. Appellant was served with citation on October 24, 2018, and a certificate of service, with an accompanying affidavit, was filed with the court on October 29.

On August 12, 2019, appellees filed a motion for default judgment, alleging appellant was personally served by private process, failed to appear or file a timely answer, and wholly defaulted as a result.

On August 20, 2019, appellant filed an original answer pro se "den[ying] each and every, all and singular, the allegations made by [appellees]." The next day, on August 21, 2019, the trial court granted appellees' motion for default judgment and signed a final default judgment awarding appellees damages in the amount of $329,936.23.

Appellant timely filed notice of restricted appeal on November 13, 2019.[3] *See id.* R. 26.1(c), 30.

## II. DEFAULT JUDGMENT

Appellant argues the trial court erred in granting appellees' motion for default judgment because (1) a pro se answer was on file and (2) "neither the procedural [n]or substantive requirements for a post-answer default judgment have been met."

---

Because this is a transfer case from the San Antonio Court of Appeals, we are bound to apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] Appellees have not filed a brief to assist us in the resolution of this appeal.

[3] Appellant's initial notice of appeal, filed September 6, 2019, was deemed defective.

## A.     Restricted Appeal

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *Propel Fin. Servs., LLC v. Conquer Land Utils., LLC*, 579 S.W.3d 485, 490 (Tex. App.—Corpus Christi–Edinburg 2019, pet. denied); *see Ex parte V.T.C.*, 593 S.W.3d 431, 437 (Tex. App.—San Antonio 2019, no pet.) ("[I]n some cases, a restricted appeal might be the only way for a party who failed to appear at trial to obtain further relief."). To prevail in a restricted appeal, an appellant must show: (1) the notice of appeal was filed within six months of the complained-of judgment; (2) the appellant was a party to the suit who did not participate in the hearing that resulted in the judgment; (3) the appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26.1(a); and (4) error is apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In a restricted appeal, the face of the record consists of all papers that were before the trial court when it rendered its judgment. *Alexander*, 134 S.W.3d at 848–49; *In re C.L.W.*, 485 S.W.3d 537, 539–40 (Tex. App.—San Antonio 2015, no pet.).

The record here establishes that: appellant was a party to the suit and did not appear at the default judgment hearing; she filed her notice of restricted appeal within six months of the default judgment order; and she did not file any post-judgment motions or request findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30. In other words, only the fourth element is at issue. *See Alexander*, 134 S.W.3d at 848; *In re C.L.W.*, 485 S.W.3d at 539–40; *see also Rosillo Creek Apartments, LLC v. Austin*, No. 04-11-00884-CV, 2012 WL 2914995, at *1 (Tex. App.—San Antonio July 18, 2012, no

3

pet.) (mem. op.) (reversing the trial court's default judgment in a restricted appeal where the face of the record showed that appellant's answer was on file before the trial court signed the order granting the appellees' motion for default judgment).

## B.     Appellant's Answer

It is well settled that rendition of a default judgment when there is an answer on file is error—even if the answer was filed late. *See* TEX. R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (holding that default judgment was improper even though the answer was not filed before its due date, but rather, it was filed two hours and twenty minutes before the default judgment was signed); *see also Lozano v. Lozano*, No. 04-12-00361-CV, 2013 WL 352018, at *2 (Tex. App.—San Antonio Jan. 30, 2013, no pet.) (mem. op.) (observing that a defendant's filing of a late answer precludes a trial court's award of default judgment); *Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 WL 2480141, at *1 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.) ("If the defendant files an answer after the deadline to answer but before the trial court considers a motion for default judgment, the court cannot render a default judgment.").

Further, Texas courts generally go to great lengths to recognize any appearance or response as an answer in order to prevent inequity or injustice in the context of a default judgment. *See Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 624–26 (Tex. App.—Beaumont 2018, no pet.); *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.) ("[C]ourts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them."). In *Smith v. Lippmann*, the Texas Supreme Court addressed what may qualify as a proper

answer when a party is proceeding pro se, concluding that "a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case." 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); *see Rodriguez v. Marcus*, 564 S.W.3d 216, 220 (Tex. App.—El Paso 2018, no pet.) (providing that a signed letter from a pro se defendant requesting a dismissal, identifying the parties and case number, constituted an answer).

In this case, appellant electronically filed her original answer pro se on August 20, 2019. The answer contained the proper style of the case, including the names of the parties and the trial court. It was signed and dated by appellant, and it contained a certificate of service indicating that it was sent to appellees' counsel. It also included denials of the allegations in appellees' original petition. Accordingly, the filing contained sufficient information to constitute an answer. *See Smith*, 826 S.W.2d at 138; *Rodriguez*, 564 S.W.3d at 220. Moreover, the answer was on file prior to the trial court's granting of appellees' motion for default judgment and prior to the entry of final judgment signed on August 21, 2019. *See* TEX. R. CIV. P. 239; *Davis*, 764 S.W.2d at 560; *see also Lozano*, 2013 WL 352018, at *2.

Therefore, we conclude that the trial court's rendition of default judgment against appellant when there was an answer on file constitutes error apparent on the face of the record, and we sustain appellant's sole issue.[4]

---

[4] Because this argument is dispositive, we need not address appellant's other argument wherein she claims the trial court erred in granting a post-answer default-judgment. *See* TEX. R. APP. P. 47.1.

### III.    CONCLUSION

We reverse the trial court's default judgment and remand the case for further proceedings consistent with this memorandum opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
3rd day of December, 2020.