

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00104-CV

Michael Edward **RODRIGUEZ**,
Appellant

v.

Nora Eliza **GONZALEZ** formerly known as Nora G. Rodriguez,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-00908
Honorable Norma Gonzales, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:   Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 22, 2022

AFFIRMED

In this restricted appeal, appellant Michael Edward Rodriguez challenges the trial court's final divorce decree. In two issues, Rodriguez argues the trial court did not have personal jurisdiction over him because appellee Nora Eliza Gonzalez did not properly serve him, and he did not enter a general appearance. We affirm the trial court's judgment.

### BACKGROUND

Rodriguez and Gonzalez married in August 2008 and ceased living together in January 2020. Gonzalez filed for divorce on January 15, 2020, and Rodriguez was allegedly served by

substitute service on February 3, 2020. After Gonzalez filed the divorce petition, Rodriguez filed multiple motions and notices, including a motion for continuance of the trial date, which the trial court granted and reset for May 12, 2020. Before proceeding with the bench trial, the trial court noted Rodriguez's absence despite his awareness of the trial date and both the trial court's and Gonzalez's counsel's numerous attempts to contact Rodriguez the morning of trial. The trial court signed the final divorce decree on October 13, 2020. Rodriguez filed his notice of appeal on March 24, 2021.

## STANDARD OF REVIEW & APPLICABLE LAW

Rule 30 of the Texas Rules of Appellate Procedure governs restricted appeals. *See* TEX. R. APP. P. 30. To prevail in a restricted appeal, an appellant must establish (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing resulting in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Robison v. Watson*, No. 04-20-00138-CV, 2021 WL 2117936, at *5 (Tex. App—San Antonio May 26, 2021, no pet); *see also Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30). Only the last element is at issue in this restricted appeal.

Because a trial court lacks jurisdiction over a defendant who was not properly served with process, service must strictly comply with the rules. *Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020); *see also* TEX. R. CIV. P. 106. "Strict compliance" is construed "to mean just that." *Spanton*, 612 S.W.3d at 316–17. We indulge no presumptions in favor of valid issuance, service, or return of citation. *Id*. at 317.

Moreover, strict compliance must affirmatively appear on the face of the record. *See Spanton*, 612 S.W.3d at 316–18; *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). In a restricted appeal, the face of the record consists of all the papers before the trial court when it rendered judgment, including all papers filed with the clerk. *See Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied). "However, defective service of citation does not preclude courts from exercising personal jurisdiction over a party that makes a general appearance." *J.O. v. Tex. Dep't of Family & Protective Servs.*, 604 S.W.3d 182, 189 (Tex. App.—Austin 2020, no pet.).

To avoid making a general appearance—subjecting the party to a court's exercise of personal jurisdiction—a party may file a special appearance as provided by Rule 120a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 120a. But, "[e]very appearance, prior to judgment, not in compliance with this rule, is a general appearance." *Id.* To further explain, a party who enters a general appearance waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, *or* (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (emphasis added). "In general, a party's personal appearance before a trial court indicates a submission to the court's jurisdiction, constituting a general appearance and therefore, waiving any complaint as to service." *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied); *see also* TEX. R. CIV. P. 120 (stating a general appearance has "the same force and effect as if the citation had been duly issued and served as provided by law").

## DISCUSSION

In two issues, Rodriguez collectively argues that because the face of the record fails to establish Gonzalez properly served him, and the trial court erred in concluding he made a general

appearance, the trial court did not have personal jurisdiction over him to render the final divorce decree. Without addressing whether the record establishes proper service of process on Rodriguez, we conclude Rodriguez subjected himself to the court's jurisdiction when he made a general appearance prior to the trial court's final judgment.

Gonzalez set the case for a bench trial on April 29, 2020. Prior to the trial on the merits, Rodriguez filed an original and amended motion to quash service contending Gonzalez failed to properly serve him. Rodriguez set his motion to quash for a hearing, and he subsequently filed a motion for continuance until his motion to quash could be heard. The trial court granted Rodriguez's continuance and reset the trial to May 12, 2020—the same date as Rodriguez's hearing on the motion to quash.

Moreover, Rodriguez filed multiple documents with the trial court and made other requests prior to filing his motions to quash and for continuance. Most notably, Rodriguez filed a motion for enforcement and for contempt for Gonzalez's alleged violations of the trial court's standing orders governing divorce proceedings filed in the case. Rodriguez subsequently filed his opposition to Gonzalez's motion to enforce Rodriguez's compliance with the trial court's February 12th temporary orders. Furthermore, Rodriguez separately filed exhibits in support of his motion to enforce and in support of his opposition to Gonzalez's motion to enforce.

Rodriguez also filed a document pertaining to his inability to pay court costs well before his motions to quash and for continuance. The document identified Rodriguez as the defendant and Gonzalez as the plaintiff and provided Rodriguez's personal contact information. Additionally, Rodriguez attached an exhibit to the document providing detailed facts explaining his perspective of the divorce proceedings.

On appeal, Rodriguez asserts the withdrawal of his motion to enforce placed him back in the position of not having filed any motion. However, as mentioned above, the record reflects

Rodriguez filed the motion along with several other responses and documents acknowledging the divorce action was properly pending before the trial court. *See Exito*, 142 S.W.3d at 304; *see also J.O.*, 604 S.W.3d at 189 (explaining when a party takes certain actions indicating submission to the court's jurisdiction, the party enters a general appearance); *Rodriguez v. Marcus*, 564 S.W.3d 216, 220 (Tex. App.—El Paso 2018, no pet.) (holding signed pro se defendant's letters received by the district clerk containing defendant's full name and address and identifying the parties and case number constituted an appearance). Because Rodriguez failed to strictly comply with Rule 120a, he made a general appearance submitting himself to the trial court's jurisdiction.[1] *See* TEX. R. CIV. P. 120a(1).

Accordingly, Rodriguez's first and second issues are overruled.

### CONCLUSION

Because Rodriguez waived his special appearance when he made a general appearance, Rodriguez cannot prevail on this restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886; *Alexander*, 134 S.W.3d at 848; *see also* TEX. R. APP. P. 26.1(c), 30. The trial court's final judgment is affirmed.

Irene Rios, Justice

---

[1] The evidence is undisputed Rodriguez had notice of the May 12, 2020 trial date.